UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LALIT KUMAR GOLANI,                             Case No. 22-10202

      Plaintiff,                                   F. Kay Behm
v.                                              United States District Judge

JOHN M. ALLEN, Director, Texas
Service Center; MERRICK GARLAND,
Attorney General of the United States;
ALEJANDRO MAYORKAS, Secretary,
U.S. Department of Homeland
Security; UR MENDOZA JADDOU,
Director, U.S. Citizenship and
Immigration Services,

      Defendants.
_____ /

**ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 14) AND DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF No. 15)**

**I.      INTRODUCTION**

This matter is before the court on the parties' cross motions for summary

judgment.  (ECF Nos. 14, 15).  Plaintiff, Dr. Lalit Kumar Golani, filed this action on

February 1, 2022, challenging Defendant United States Citizenship and

Immigration Services (USCIS)'s denial of his EB-1A Extraordinary Ability I-140

petition.  (ECF No. 1).  Specifically, Dr. Golani argues that "Defendant USCIS

ignored or improperly weighed evidence in the record and reached a decision that was arbitrary, capricious, *ultra vires*, and otherwise not supported by the record before the agency."  (ECF No. 14, PageID.634).  This case was initially before District Judge Nancy G. Edmunds, but was reassigned to the undersigned on February 6, 2023.

Dr. Golani filed a motion for summary judgment on August 1, 2022, and Defendants filed an opposing motion for summary judgment on September 1, 2022.  (ECF Nos. 14, 15).  The court held a hearing on these motions on July 26, 2023, and both parties participated in oral argument.  (*See* ECF No. 18).  For the reasons discussed below, the court finds that USCIS's denial of Dr. Golani's petition was arbitrary and capricious.  Likewise, the court **GRANTS** Dr. Golani's motion for summary judgment and **DENIES** Defendants' motion for summary judgment.

## II.   BACKGROUND

### A.   The "Extraordinary Ability" Visa

Dr. Golani applied for an immigrant visa pursuant to 8 U.S.C. § 1153(b)(1)(A) as an "alien with extraordinary ability."  This subsection of the Immigration and Nationality Act (INA) applies to individuals if:

(i) the alien has extraordinary ability in the sciences, arts, education, businesses, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation,
(ii) the alien seeks to enter the United States to continue work in the area of extraordinary ability, and
(iii) the alien's entry into the United States will substantially benefit prospectively the United States.

8 U.S.C. § 1153(b)(1)(a)(i)-(iii).

Title 8 C.F.R. § 204.5(h) specifies the administrative procedure that must be followed to apply for an immigrant visa as an alien with extraordinary ability. Under this section, "extraordinary ability" is defined as "a level of expertise indicating the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2). An applicant's petition must include either: (A) evidence of a one-time achievement, such as a major, internationally recognized award, or (B) at least three of the following:

(i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;
(ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;
(iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought [];

(iv) Evidence of the alien's participation, either individually or on a
panel, as a judge of the work of others in the same or an allied filed
of specification for which classification is sought;

(v) Evidence of the alien's original scientific, scholarly, artistic,
athletic, or business-related contributions of major significance in the
field;

(vi) Evidence of the alien's authorship of scholarly articles in the field,
in professional or major trade publications or other major media;

(vii) Evidence of the display of the alien's work in the field at artistic
exhibitions or showcases;

(viii) Evidence that the alien has performed in a leading or critical role
for organizations or establishments that have a distinguished
reputation;

(ix) Evidence that the alien has commanded a high salary or other
significantly high remuneration for services, in relation to others in
the field; or

(x) Evidence of commercial success in the performing arts, as shown
by box office receipts, cassette, compact disk, or video sales.

8 C.F.R. § 204.5(h)(3).  If a petitioner satisfies this test, USCIS will then evaluate

"the totality of the evidence" to determine whether the petitioner has attained

"both a 'level of expertise indicating that the individual is one of that small

percentage who have risen to the very top of the[ir] field of endeavor,' 8 C.F.R.

§ 204.5(h)(2), and 'that the alien has sustained national or international acclaim

and that his or her achievements have been recognized in the field of expertise.' 8

C.F.R. § 204.5(h)(3)." *Kazarian v. U.S. Citizenship & Immigr. Servs.*, 596 F.3d 1115,

1119-20 (9th Cir. 2010).  "Only aliens whose achievements have garnered

'sustained national or international acclaim' are eligible for an 'extraordinary ability' visa."  *Id.* at 1120.

When adjudicating an I-140 petition, USCIS adjudicators are bound by the *Matter of Chawathe*,[1] which states that an applicant must only prove "by a preponderance of the evidence that he or she is eligible for the benefit sought." *Matter of Chawathe,* Interim Decision #3700, 25 I&N Dec. 369, 369 (2010). Likewise, "even if the director has some doubt as to the truth, if the petitioner submits relevant, probative, and credible evidence that leads the director to believe that the claim is 'more likely than not' or 'probably' true, the applicant has satisfied the standard of proof."  *Id.* at 376 (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987)).

---

[1] Dr. Golani asks the court to take judicial notice of *Matter of Chawathe*.  (ECF No. 14, PageID.637 n.2).  "Judicial notice is typically available only for the facts of a particular case, not facts or rules which "have relevance to legal reasoning."  *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002).  However, courts may also take judicial notice of the "rules, regulations and orders of administrative agencies issued pursuant to their delegated authority."  *Id.* (citing *Int'l Bhd. of Teamsters, Chauffeurs, Wharehousemen & Helpers of Am. v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968)).  Because *Matter of Chawathe* is an administrative decision issued by the USCIS Administrative Appeals Office and simply governs the standard used by USCIS agents when adjudicating a visa petition, the court will take judicial notice of this matter.

B.    Background on Plaintiff[2]

Dr. Golani is a national of India and a researcher in the field of medicinal

chemistry.  (ECF No. 14, PageID.626).  He completed his Bachelor of Pharmacy in

2003 at the Guru Gobind Singh Indraprastha University in India, his Master of

Pharmacy in pharmaceutical chemistry in 2006 at the Manipal Academy of Higher

Education in India, and his Ph.D. in medicinal chemistry in 2016 at Duquesne

University.  (ECF No. 13-1, PageID.332, Certified Administrative Record).  As of the

time of filing, Dr. Golani worked as a Research Fellow at the University of

Wisconsin Milwaukee,[3] where his research generally focused on "targeted cancer

treatments, pharmaceutical sciences, and drug development."  (*Id.*).

On June 1, 2021, Dr. Golani filed a Form I-140 Immigrant Petition seeking

classification under the first preference immigration category as an "alien of

extraordinary ability."  *See* 8 U.S.C. § 1153(b)(1)(A); (ECF No. 13-1, PageID.331).

His petition does not claim that he has received a major, internationally

recognized prize or award, but instead argues that he meets three of the relevant

---

[2] Because Dr. Golani's claims are brought under the Administrative Procedure Act (APA), review of his case is confined to the facts contained in the Certified Administrative Record (CAR) (ECF No. 13-1), which "includes all materials 'compiled' by the agency [] that were 'before the agency at the time the decision was made.'"  *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997) (citing *James Madison Ltd. By Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996)).

[3]  Plaintiff testified at the hearing that, in the two years since Dr. Golani filed his I-140 Immigrant Petition, he has worked as a researcher at the University of Michigan and Northeastern University.

regulatory criteria: (1) "Contributions of Major Significance" pursuant to 8 C.F.R.

§ 204.5(h)(3)(v); (2) "Authorship" pursuant to 8 C.F.R. § 204.5(h)(3)(vi); and (3)

"Judging" pursuant to 8 C.F.R. § 204.5(h)(3)(iv).  (ECF No. 13-1, PageID.332).

On June 10, 2021, USCS issued a Request for Evidence ("RFE") directing Dr.

Golani to provide additional information and evidence to support his petition.

(*Id.*, PageID.278).  The RFE acknowledged that Dr. Golani satisfied two of the

required criteria: "Judging" and "Authorship."  (*Id.*, PageID.279-80).  However, the

RFE explained that the evidence submitted for the third criterion, "Contributions

of Major Significance," did not sufficiently show that his contributions are

"considered to be of major significance in the field of endeavor."  (*Id.*,

PageID.280).  Specifically, the RFE focused on Dr. Golani's submitted testimonial

letters, arguing that "[they] attest to the petitioner's contributions to the field

and establish[] that his work has been cited by others in the field, but they do not

demonstrate how his contributions impacted the field as a whole in a major and

significant way."  (*Id.*).  Dr. Golani replied to the RFE on August 31, 2021, arguing

that "the previously submitted evidence demonstrated that [he] has made

original contributions in the field that have been recognized as majorly

significant."  (*Id.*, PageID.282).  His response also provides four additional expert

testimonial letters and makes updates to his citation counts and percentile figures. (*Id.*).

On September 8, 2021, USCIS issued a final decision denying Dr. Golani's I-140 Immigrant Petition. (*Id.*, PageID.246). Again, the decision states that Dr. Golani has met the "Judging" and "Authorship" criteria but has failed to provide sufficient evidence to show "original scientific, artistic, athletic, or business-related contributions of major significance in the field." (*Id.*, PageID.248). On February 1, 2022, he filed a complaint challenging this denial under the APA. (ECF No. 1).

## III.   LEGAL STANDARD

Generally, summary judgment is appropriate under Fed. R. Civ. P. 56(a) if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, when a party seeks review of agency action under the APA, the typical standards governing summary judgment do not apply. *Integrity Gymnastics & Pure Power Cheerleading, LLC v. United States Citizenship & Immigr. Servs.*, 131 F. Supp. 3d 721, 725-27 (S.D. Ohio 2015); *see also City of Cleveland v. Ohio*, 508 F.3d 826, 838 (6th Cir. 2007). Rather, the court will review the agency's decision under the arbitrary and capricious standard. *City of Cleveland*, 508 F.3d at 838.

An agency's decision is arbitrary and capricious when:

the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.* (citing *Motor Vehicles Mfrs. Assoc. v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).  The court's determination of whether an agency's decision was arbitrary and capricious must be made using the facts included in the CAR.  5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party…").  Review under the arbitrary and capricious standard is narrow and deferential, and the court "may not substitute its judgment for that of the agency even if the court might otherwise disagree with the agency's decision."  *Integrity Gymnastics & Pure Power Cheerleading*, 131 F. Supp. 3d at 726 (citing *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 376 (1989)).  The court must only determine whether the agency has considered the proper evidence, examined the relevant factors, and articulated a satisfactory explanation for its action.  *Id.*

## IV.   ANALYSIS

In his motion for summary judgment, Dr. Golani argues that USCIS violated the APA by ignoring or improperly weighing the evidence in the record.  (ECF No.

14, PageID.634).  Specifically, he argues that the agency erred in finding that he failed to meet the "Contributions of Major Significance" criterion and by adding "novel requirements to the EB-1A category that are not found in 8 C.F.R. § 204.5(h)(3)(v)." (*Id.*, PageID.644).  Defendants disagree, arguing that the USCIS adjudicator thoroughly and properly reviewed the evidence and appropriately applied the legal standards.  (ECF No. 15, PageID.662).  Neither party currently contests that Dr. Golani has met the "Judging" and "Authorship" criteria or that USCIS considered the proper evidence in reaching those conclusions.  Likewise, the court will focus on the "Contributions of Major Significance" criterion pursuant to 8 C.F.R. § 204.5(h)(3)(v).

> A.    Standard

The "Contributions of Major Significance" criterion states that a petitioner "must provide evidence relating to the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field[.]"  8 C.F.R. § 204.5(h)(3)(v).  Likewise, the plain language establishes that an individual must demonstrate two things: (1) original scientific, scholarly, artistic, athletic, or business-related contributions that are, (2) of major significance.  *Id.*; (*see also* ECF No. 13-1, PageID.334).

In order to determine whether a beneficiary's contributions are original and of major significance in the field, USCIS clarified that they typically look for:

- Objective documentary evidence of the significance of the beneficiary's contribution to the field;
- Documentary evidence that people throughout the field currently consider the beneficiary's work important;
- Testimony and/or support letters from experts which discuss the beneficiary's contributions of major significance;
- Evidence that the beneficiary's major significant contribution(s) has provoked widespread public commentary in the field or has been widely cited; and
- Evidence of the beneficiary's work being implemented by others.

(ECF No. 13-1, PageID.280).  USCIS also notes that: "letters and testimonies, if submitted, must provide as much detail as possible about the beneficiary's contribution and must explain, in detail, how the contribution was 'original' (not merely replicating the work of others) and how they were of 'major' significance. General statements regarding the importance of the endeavors which are not supported by documentary evidence are insufficient."  (*Id.*).

B.    Plaintiff's Submitted Evidence

In support of his initial petition, Dr. Golani submitted testimonial letters from scholars in his field, scientific articles either written by him or citing his work, evidence of his citation record, information about scientific journals, and documents showing he conducted peer review service.  (*Id.*, PageID.248).  In

response to the RFE, Dr. Golani supplemented his application with testimonial letters from four additional scholars, an updated citation record, and several additional articles citing his work.  (*Id*.).

USCIS's final determination of Dr. Golani's petition specifically addresses the testimonial letters submitted by Dr. Gerrit Jansen, Dr. Thomas Keck, and Dr. Arnold Lippa.  (*Id.*, PageID.248-49).  The determination characterizes these letters as including only "general and broad statements about the petitioner's work" that "do[] not specify how the petitioner's research amounts to original work that contributed to the field in a major and significant way."  (*Id.*).  USCIS also argues that the research articles and citation records submitted by Dr. Golani do not establish that "the authors who referenced his articles as background information relied on his articles as a foundation for their own research."  (*Id.*).  Specifically, they note that the submitted articles do not cite Dr. Golani's research alone, they "also reference many articles by other researchers."  (*Id.*).  The determination also clarifies that "citation and references [sic] is an inherent and common activity in the research field and does not establish that a given research work is original and contributed to the field in a major and significant way."  (*Id.*).

C.    <u>Analysis of Defendant's Determination</u>

As stated above, USCIS's determination will be reviewed under the arbitrary and capricious standard.  *City of Cleveland*, 508 F.3d at 838.  Likewise, this case turns on whether the agency has (1) relied on factors which Congress has not intended it to consider, (2) entirely failed to consider an important aspect of Plaintiff's petition, or (3) offered an explanation for their denial that "runs counter to the evidence or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Id.* (citing *Motor Vehicles Mfrs. Assoc.*, 463 U.S. at 43).  Dr. Golani's motion for summary judgment focuses on two ways in which he argues the agency has acted arbitrarily: (1) by relying on outside factors, and (2) by failing to consider the record as a whole.

i.    *Reliance on Outside Factors*

Dr. Golani first argues that USCIS acted in an arbitrary and capricious manner by incorrectly applying the language of 8 C.F.R. § 204.5(h)(3)(v).  (ECF No. 14, PageID.643).  He relies on *MRC Energy Co.* as an example of an instance in which USCIS's decision was found to be arbitrary and capricious because it imposed an extra-regulatory requirement that the EB-1A beneficiary must have been invited to serve as a judge rather than do so as part of his job.  *MRC Energy Co. v. U.S. Citizenship & Immigr. Servs.*, No. 3:19-CV-2003-K, 2021 WL 1209188 at

*11.  The plain language of the "Judging" criterion only requires the petitioner to provide "evidence of [their] participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought."  8 C.F.R. § 204.5(h)(3)(iv).  It does not require an individual to serve as a judge outside of their job.  *Id.*

Unlike *MRC Energy Co.*, however, USCIS's determination in Dr. Golani's case does not apply a requirement that is far outside of the statutory language.  The language of the relevant criterion requires "evidence relating to the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field."  8 C.F.R. § 204.5(h)(3)(v).  Plaintiff argues that "USCIS seems to be adding novel requirements to the EB-1A category…namely, that an original contribution must have 'contributed to the field in a major and significant way' and [be] proven by 'preexisting, independent, and objective evidence.'"  (ECF No. 14, PageID.643).  Both of these requirements are ways in which USCIS might determine whether a petitioner's accomplishments are, in fact, "major."  Likewise, USCIS did not act in an arbitrary and capricious manner in considering these elements.

ii.     *Failure to Consider Evidence*

Dr. Golani next argues that USCIS discounted and ignored important pieces

of his submitted evidence and failed to consider the record as a whole.  (ECF No.

14, PageID.646).  As discussed above, USCIS did not individually address each of

the submitted testimonial letters, but summarized the letters as a whole, stating:

> In sum, the testimonial letters describe the petitioner's research
> activities without explaining how his research amounted to original
> work, and how his specific contributions to the research projects
> impacted the field as a whole.  The testimonials do not demonstrate
> that petitioner's research provoked widespread public commentary,
> nor do they show that experts throughout the field applied and
> implemented the petitioner's research.
>
> The petitioner has not established that the authors who referenced
> his articles as background information relied on his articles as a
> foundation for their own research.

(ECF No. 13-1, PageID.249).  The court has read each of Dr. Golani's submitted

letters and finds the agency's determination that they fail to "explain[] how his

research amount to original work, and how his specific contributions to the

research projects impacted the field as a whole" is inconsistent with the actual

language of many of the submitted letters.  There are many instances in which

the letters describe Dr. Golani's research as "novel" and "unprecedented," and

explain how it had widespread impacts on the field:

- "Dr. Golani was absolutely essential to the development of the **novel molecule** KRM-II-81" which has been "shown to be effective against chronic pain induced by a chemotherapeutic agent, which demonstrates the molecule's value as a pain reliever in cancer patients." (ECF No. 13-1, PageID.314, Letter from Dr. Lippa (emphasis added)).

- "Dr. Golani's work has provided a **wealth of new insights** into the structural requirements for the synthesis of selective benzodiazepines that offer new routes toward development of superior pharmacotherapeutics." (*Id.*, PageID.325, Letter from Dr. Thomas Keck (emphasis added)).

- "Dr. Golani's research has **dramatically increased the field's understanding** of the molecular mechanisms that undergird benzodiazepines, especially those necessary to facilitate the development of more selective molecules that reduce side effects and make them safer therapies effective in treating pain, anxiety, depression, and epilepsy." "…Dr. Golani was personally responsible for the computational molecular modeling that designed the actual protein structure of **his novel molecule**, as well as the synthesis of the molecules….[t]he result was the production of a novel molecule that was proven to selectively modulate with that $\alpha 2/3$ GABA$_A$ receptor…" (*Id.*, PageID.328, Letter from Dr. Kenji Hashimoto (emphasis added)).

- "[Dr. Golani]…succeeded in introducing a compound with absolute transport selectivity for FRs with no cellular uptake through PCFTs or, most importantly, RFCs.  This discovery was an **enormous step forward** for the treatment of cancer patients in the U.S." (*Id.*, PageID.575, Letter from Dr. Aleem Gangjee (emphasis added)).

- "By designing and synthesizing a number of transport compounds, he was able to create a **novel molecule** based on the L-glutamic amino acid that showed great selectivity for binding to folate receptors while having virtually no cellular uptake by reduced folate carriers or proton-coupled transporters (which are expressed on normal cells).  This new molecule was found to selectively target tumors without affecting healthy cells." (*Id.*, PageID.594, Letter from Dr. Christopher P. Leamon (emphasis added)).

- "Dr. Golani's mastery of synthesizing novel molecules and designing molecules using molecular modeling programs allowed him to create an **unprecedented overview** of how benzodiazepines work, once attached to the neural receptors in brain [sic]." (*Id.*, PageID.601, Letter from Dr. Jun-Xu Li (emphasis added)).

16

- "It is vital for new and safer drugs like Dr. Golani's to be developed for Americans needing the benefits of safe anxiolytic, anticonvulsant and antipain drugs.  Dr. Golani's successful identification of a novel molecule to use as the basis for new drug development is a **huge step** towards that goal."  (*Id.*, PageID.605, Letter from Dr. James M. Cook, FRSC (emphasis added)).
- "By designing and synthesizing new versions of molecules of the benzodiazepine type, Dr. Golani presented previously unavailable descriptions of molecules that could be selective in their attachment to the sub-receptors, thereby greatly reducing the likelihood of adverse side effects.  Needless to say, this was a **discovery of enormous importance to the medical community**, and to the Americans suffering from conditions typically treated with benzos."  (*Id.*, PageID.616, Letter from Dr. Jeffrey M. Witkin (emphasis added)).

The testimonial letters also include numerous instances in which the authors describe how they relied on his articles as a foundation for their own research:

- "…Dr. Golani established the structure requirement for antifolate to transport selectively through FRβ over RFC. **We applied the knowledge obtained from Dr. Golani's work** in our research on FRβ selective antifolate as an effective treatment for RA…"  (*Id.*, PageID.320, Letter from Dr. Gerrit Jansen (emphasis added)).
- "…I noted Dr. Golani's findings from a book chapter on rapid-acting depressants that he published as part of his investigations into benzodiazepine analogs.  Dr. Golani's work helped to illustrate the effective antidepressant actions of (*R,S*)-ketamine, **providing an important foundation for my own study**."  (*Id.*, PageID.329, Letter from Dr. Kenji Hashimoto (emphasis added)).

   In their motion for summary judgment, Defendants argue that the agency's conclusion reflects a "rational interpretation of the regulations' distinction between work that is progressive and useful (which might be good, great, or even

"exceptional") and work that is inventive and of major significance in the field…"

(ECF No. 15, PageID.662).  However, the agency has failed to explain why Dr.

Golani's discovery of a supposed "novel molecule" (KRM-II-81) is insufficiently

"inventive."  In fact, the plain meaning of "novel," is "of a new and unusual kind,

different from anything seen or known before."  *Novel*, Dictionary.com,

https://www.dictionary.com/browse/novel (last visited July 22, 2023).

Defendants rely on *Kazarian*, arguing that it involves a similar denial based

on a petitioner's failure to establish original contributions of major significance.

*Kazarian*, 596 F.3d at 1122.  In *Kazarian*, the court held that the petitioner's

submitted testimonial letters did not establish that his contributions were major.

*Id.*  However, the language in these letters can be distinguished from the language

included in Dr. Golani's letters.  For example, *Kazarian*'s letters stated that his

work "is of the caliber that one would expect from a young professor at a strong

research-oriented university in the United States," he "possesse[d] great ability

and considerable potency in science," was "a young scientist with enough

scientific potential," had "high professionalism," and "displayed himself as

exceptionally diligent, hard-working, [and] highly qualified."  *Id.*  The court agrees

that this language can be classified as "general and broad statements about the

petitioner's work."  (*See* ECF No. 13-1, PageID.248-49).  However, it is also in

direct contrast to the specific statements included in Dr. Golani's letters describing his research on benzodiazepines and novel molecules.

Defendants also rely on *Visinscaia v. Beers*, 4 F. Supp. 3d 126 (D.D.C. 2013). In *Visinscaia,* the petitioner was a ballroom dancer who applied for an extraordinary ability visa on the basis of her "leading role in the international 'Dance Sport' community." *Id.* at 128.  The agency concluded that she did not satisfy the "original contribution" criterion because "none of the[] letters provided specific information relating to the impact of Visinscaia's dance technique on the field as a whole." *Id.* at 134.  Unlike *Viniscaia,* however, several of Dr. Golani's letters specifically mention that his research has impacted the broader medicinal chemistry field.  (*See* ECF No. 13-1, PageID.328 ("Dr. Golani's research has dramatically increased the field's understanding of the molecular mechanisms."); PageID.601 (Dr. Golani's "papers have been cited dozens of times as a foundational basis for research into multiple areas within the field of medicinal chemistry, emphasizing both the wide-ranging impact of Dr. Golani's work, and the urgency with which the medical community is utilizing his findings.")).

In addition to the agency's failure to fully consider the language included in the testimonial letters, Dr. Golani also argues that USCIS failed to consider many important aspects of his citation record.  USCIS's final determination states:

> Citation and references is [sic] an inherent and common activity in the research field and does not establish that a given research work is original and contributed to the field in a major and significant way. The petitioner has not established that references to his articles distinguish him from the various other authors whose articles are also referenced.  The petitioner also has not demonstrated that references to his articles establish the articles as an original work of major significance to the field.

(*Id.*, PageID.249).  While the court does not dispute that some of Dr. Golani's articles do not individually reach the required level of significance, USCIS failed to consider and address several important factors surrounding Dr. Golani's citation record as a whole.  First, the agency failed to consider the prestige level of the various journals in which he was published.  Specifically, Dr. Golani presented evidence that he published his research "in world-renowned journals such as the Journal of Medicinal Chemistry and Bioorganic & Medicinal Chemistry … demonstrat[ing] his high standing as a researcher."  (*Id.*, PageID.285).  Second, the agency failed to consider the widespread nature of Dr. Golani's citations.  The citation maps submitted as part of his application "demonstrated that Dr. Golani's citations come from experts working all over the world … North America, South

America, Europe, and Asia." (*Id.*, PageID.286).  Third, the agency failed to

consider Dr. Golani's citation rate and rank.  Citation rate is generally a "reliable,

objective indicator of [] influence within their area of the field."  (*Id.*, PageID.287).

Notably, Dr. Golani produced examples of multiple research papers that rank in

the top ten percent most cited in Pharmacology and Toxicology and argued

"these metrics clearly demonstrate that Dr. Golani's work is being cited as at a

rate much higher than others in the field … bearing on determining the 'major

significance' of his work."  (*Id.*, PageID.286).  Finally, USCIS failed to fully explain

or consider the fact that, while Dr. Golani regularly works on research papers with

other individuals, he is often listed as the lead researcher, which typically carries a

higher level of prestige.  (*See id,* PageID.294-97).  USCIS's general comments

about Dr. Golani's citation rate fail to fully account for these factors or explain

why they were insufficient to support a finding that his scholarly articles were

original and contributed to the field in a major and significant way.

In this case, USCIS acted in an arbitrary and capricious manner because

they failed to adequately explain why Dr. Golani's submitted letters, articles, and

citation record do not prove originality or major significance by a preponderance

of the evidence.  *See Matter of Chawathe*, 25 I&N at 369; *Chursov v. Miller*, 18-cv-

2886, 2019 WL 2085199 at *4 (S.D.N.Y 2019).  While the agency is not required to

address every piece of evidence the petitioner presents, they must still make an adequate finding based on a "reasoned consideration of the record." (ECF No. 13-1, PageID.249); *see also Martinez v. INS,* 970 F.2d 973 (1st Cir. 2002) ("Where, as here, the Board has given reasoned consideration to the petition and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented."). USCIS's failure to address the numerous statements that specifically address the criteria of 8 C.F.R. § 204.5(h)(2) was inadequate.

## V.   CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is **GRANTED** and Defendants' motion for summary judgment is **DENIED.** Dr. Golani's I-140 petition is **REMANDED** to USCIS for proper consideration of the record as a whole.

**SO ORDERED**.

Date: July 31, 2023                          s/ F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge